## Cohen & Feinstein *v.* Freid, Appellant.

*Practice, C. P.—Affidavit of defense—Sufficiency.*

In an action to recover the price of a bill of goods, an affidavit of defense which avers that the bill was not due when the suit was brought is sufficient to prevent judgment for want of a sufficient affidavit of defense.

Argued December 8, 1920. Appeal, No. 249, Oct. T., 1920, by defendant, from judgment of C. P. Schuylkill

Statement of Facts—Opinion of the Court. [76 Pa. Superior Ct.

County, July T., 1920, No. 121, for want of a sufficient affidavit of defense in the case of Abe Cohen and Samuel Feinstein, trading as Cohen & Feinstein, v. William Freid. Before ORLADY, P. J., PORTER, HENDERSON, HEAD, TREXLER, KELLER and LINN, JJ. Reversed.

The plaintiff instituted an action of assumpsit on a book account on May 14, 1920, and filed a statement on the same day. The defendant in his affidavit of defense averred that the bill was not due when suit was brought.

Rule for judgment for want of a sufficient affidavit of defense. Before KOCH, J.

The facts are stated in the opinion of the Superior Court.

The court made absolute the rule. Defendant appealed.

*Error assigned* was the order of the court.

*R. P. Swank,* for appellant.—Summary judgments are in derogation of the right of trial by jury and should be confined to cases where the plaintiff's right is clear: White Co. v. Quin, 71 Pa. Superior Ct. 404; Shaefer v. Lange, 37 Pa. Superior Ct. 617.

*J. H. Garrahan,* for appellee.

OPINION BY TREXLER, J., March 5, 1921:

The plaintiffs in their statement seek to recover for the following bill of goods. "2 Pcs. Scrim, 119 yds., @ 18.2 ...$22.01, 1 Pc. Linen, 100 yds., @ 40...$40.00, 1 Pc. Pink Linen, 40 yds., @ 40...$16.00, 1 Pc. Black Voile, 40 yds., @ 35...$14.00, 11 Pcs. Fancy Voile 367 yards, @ 65...$238.55, 4 Pcs. Voile, 233¾ yds., @ 26...$60.76, 5 Pcs. Fancy Voile, 144.2 yds., @1.10...$158.95......$550.27. Terms:—As had 90 days net."

The defendant filed three affidavits of defense. The lower court held the affidavits insufficient. We have come to the conclusion that disregarding the other matters set forth, one defense urged, that suit was brought before the bill was due, is sufficient to prevent judgment.

In his first affidavit the defendant states he gave an order not setting out the items, and alleging that the bill was to be dated March 15, 1920, and due June 14, 1920, ninety days thereafter. In his supplementary affidavit he states that the plaintiffs' salesman duly authorized sold to him 2 pieces of scrim, 2 pieces of linen, and 21 pieces of voile, and agreed that the bill was to be dated March 15, 1920, payable June 14. It will be observed that the above goods are of the identical quantities and kind as in plaintiff's statement although not particularly itemized. This would seem to identify the goods concerning which the allegation as to the due date refers. If, however, there still remains a doubt on the subject the third affidavit resolves it. The defendant there alleges an offer of compromise after suit brought of the return of some of the goods and payment of the remainder, and every item in plaintiff's bill is therein set forth, and the date from which interest is calculated is June 14, 1920, the same date as in the other affidavits. Thus the defendant has consistently claimed that the bill was not due when suit was brought. On this subject there is no contradiction in the successive affidavits.

The judgment is reversed and the record remitted to the court below with a procedendo.